McClure v. Gulick.

CITED *in State* v. *Jersey City*, 4 *Zab.* 666; *State* v. *Newark*, 1 *Dutch.* 411–412.

---

McCLURE v. GULICK.*

On award of arbitrators.   Motion for attachment.

It is not too late to make a submission to arbitrators, a rule of court, after an award made.

An agreement of the parties, to substitute other arbitrators, in the place of those first named, being indorsed on the original submissio⌐, with an express reference to what it contains, is equally obligatory as if they had been originally named in the submission; and authorizes a rule of court to be made thereon.

An attachment for not performing an award, strictly speaking is a criminal proceeding, though in some respects as in the nature of civil process; and will be awarded of course, unless good cause or excuse be shewn why it should not.

On the 17th Sept. 1830, the parties submitted, by agreement under their hands and seals, their matters in difference, to the final determination and award of Charles Parker, Peter Spader, .and Joseph C. Griggs, or of any two of them : such submission to be made a rule of this court, agreeably to the statute in such case made and provided. On the 24th of October, 1836, by writing indorsed on the submission, and executed under their

* Decided orally at Sept. Term, 1839.

hands and seals, the parties agreed that Staats Van Deurson, should be substituted as one of the arbitrators in the place of Charles Parker before named. On the 12th May, 1837, a further agreement in writing, also endorsed on the same submission was executed by the parties, under their hands and seals, by which, James Bishop was substituted as one of the arbitrators, in the place of Peter Spader one of the first named arbitrators; and it was thereby, in terms, agreed that the said arbitration should proceed before the said Staats Van Deurson, Joseph C. Griggs, and James Bishop, as arbitrators of the said matters in difference. On the 22d of May, 1837, the three last named arbitrators, made an award, whereby among other things, they awarded to McClure, the sum of $1146 45, to be paid to him by Gulick on or before the 15th of June then next ensuing; and that on payment thereof, McClure should release, &c.

In the term of Feb. 1839, upon hearing the affidavits of Jas. S. Green, Samuel R. Hamilton and Cornelius L. Hardenbergh, Esqs. subscribing witnesses to the said submission and the several substitutions aforesaid, it was ordered that the said submission be entered of record in this court, and that the said parties should submit to, and be finally concluded by the arbitrament of the arbitrators last aforesaid, pursuant to the said submission.

In the term of May, 1839, upon affidavits being read, shewing that McClure by his duly authorized agent for that purpose, had tendered to Gulick, a release, and demanded payment of the sum awarded, and that he had refused to pay the same, it was ordered that Gulick shew cause why an attachment should not issue, &c.

Upon an affidavit of the service of a copy of this rule upon Mr. Gulick and of a notice that the court would be moved to make the rule absolute at this term, (Sept. T. 1839) the Attorney General (R. S. Field) in behalf of McClure moved for an attachment which was opposed by

*J. S. Green* for Gulick.

Opinion of the court delivered by

HORNBLOWER, C. J.   It is insisted by the counsel for the defendant, that the submission was improperly made a rule of this court ; that before it was so done, there had been such an alteration made in the original agreement, as amounted to a new submission : that other arbitrators had been substituted by the parties, by whom an award had actually been made :—that the writing substituting such new arbitrators, contained no agreement that the submission to them should be made a rule of court : and the counsel contended that in such case, the parties must be left to their legal remedy : in support of this objection, he referred us to *Bac. abr. tit. arbitrament and award.*

That " it is not too late to make a submission a rule of court, after an award made," we decided in *Hazen* v. *Addis,* 2 *Green, R.* 333, and I am satisfied with that decision.   Whether we can make a submission a rule of court, after the original agreement to submit, has been altered by the parties, by changing the arbitrators or otherwise, is another question.   The original submission, and which, it was agreed should be made a rule of court, was to three certain persons :  the last submission, was to one of those three and to two others associated with him :  and it is certainly true, that in the two agreements substituting other arbitrators in the places of those first named, there is no agreement, *in terms,* that the submission to such new and substituted arbitrators, shall be made a rule of court.   But the substitutions were endorsed on the original submission and agreement, and expressly refer to what is therein contained—without such reference, the indorsements would be unmeaning.   By such reference, the original submission and all the terms of it, became part of, and incorporated into the new agreements ;  so that the award of the three arbitrators last named, or of any two of them, of and concerning the matters mentioned in the original submission, should be final and conclusive, and that such submission should be made a rule of court.   If the last indorsement refers to and adopts the original agreement, as a valid and subsisting agreement between the parties, for the purpose of making itself intelligible, it must by all fair course of reasoning, be considered as adopting it entire, except so far as that original agreement is expressly altered or rescinded, or rendered inconsistent with the new arrangement.

The case of *Jenkins* v. *Law*, 8 *Ter. R.* 87, was not like this.—
The submission had been made a rule of court, pursuant to the
agreement of parties, before any award had been made. After-
wards, by an indorsement on the bond, the parties enlarged the
time for making the award without adding that this new agreement
should be made a rule of court. The arbitrators awarded within the
enlarged time, and a rule for an attachment was refused. But
even that case has been overruled. In *Evans* v. *Thompson*, 5
*East*, 189, the parties by a general indorsement on the bonds,
enlarged the time, and the court held, that such agreement in-
cluded all the terms of the original submission to which it had
reference, and amongst others, the agreement to make the same
a rule of court.

In that case, Lord Ellenborough said, in reference to the case
of *Jenkins* v. *Law*, the objection appeared to have been given
way to, on the concession (as the fact was) of counsel : and that
upon conferring (with a view to uniformity of practice on this
subject) with most of the Judges of the other courts at West-
minster Hall, they were of opinion that that case could not be
supported : and see *Watson on arbits. and awards*, 85, in 11 *Law
Lib.* 44.

In the next place it is insisted that the plaintiff's right to an
attachment, for not paying the sum awarded, is not *ex debito jus-
titiœ*, but a matter at the discretion of the court. (*Bac. abr. tit.
arbit. and award, letter H.:*) that an attachment is not granted
now in cases like this, as for a contempt of the court, but is in
the nature of a civil execution. *Bac. abr. tit. attachment, let. A.*
285 ; *The King* v. *Myers*, 1 *T. R.* 265. And that therefore, the
court ought not to grant this attachment, simply on the ground
that the party has not paid the money. He may be unable to do
so, and then his imprisonment will be perpetual : whereas if the
plaintiff proceeds against him in an action upon the award, he
may, if insolvent, be relieved from imprisonment.

Nevertheless an attachment for not performing an award,
strictly speaking is a criminal proceeding, though in some re-
spects it is considered as in the nature of civil process. *Wats.
on arb. and awards, sect. III. p.* 183. It is, however, under the
control of the court, and upon a proper case made, such as in-
solvency of the defendant, clearly established, it might be re-

fused, and the plaintiff left to his remedy on the arbitration bond, or the award. But here the defendant sets up no excuse for not obeying the award. It is not enough for his counsel to say, that he may be a bankrupt or unable to pay.

He has refused obedience to the rule of this court, without offering any excuse for doing so, or shewing any cause why an attachment, pursuant to the statute, should not issue against him.

Let the rule be made absolute.

*Rule absolute.*

CITED *in Den, Hendrickson* v. *Hendrickson,* 3 *Harr.* 367.